UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

Mickeyvin Labrent Brown,                  Case No. 5:14-cv-6-OC-38PRL

    Petitioner,

v.                                             **MEMORANDUM AND ORDER**

Warden, FCC Coleman – Low,

    Respondent.

_____

This matter is before the Court on a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.  For the reasons that follow, the Petition is denied.

**BACKGROUND**

Petitioner Mickeyvin Labrent Brown is a federal inmate currently imprisoned at the Federal Correctional Institution-Coleman, in Sumterville, Florida.  In 2008, Brown pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  Based on Brown's four prior convictions for delivery of cocaine and one prior conviction for trafficking in cocaine, he received an enhanced sentence as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and was sentenced to 180 months' imprisonment, followed by five years of supervised release.

On March 3, 2011, Brown filed a motion pursuant to 28 U.S.C. § 2255 in the Southern District of Florida, challenging his conviction and sentence as an armed career

criminal. The district court adopted the magistrate judge's report and recommendation recommending that Brown's motion to vacate be dismissed as time-barred or alternatively, on the merits. Brown v. United States, Case No. 11-cv-60460 (Docket No. 18) (S.D. Fla. 2011). The district court also denied issuing Brown a certificate of appealability. Id. (Docket No. 19) (S.D. Fla. 2011). Brown filed a motion for reconsideration, which the district court denied. Id. (Docket No. 23) (S.D. Fla. 2012). Brown filed an appeal of the denial of his motion for reconsideration, id. (Docket No. 24) (S.D. Fla. 2012), and a motion for certificate of appealability. Id. (Docket No. 25) (S.D. Fla. 2012). The district court denied as moot his motion for certificate of appealability. Id. (Docket No. 26) (S.D. Fla. 2012). Respondent asserts that Brown did not seek a certificate of appealability from the Eleventh Circuit Court of Appeals. (Docket No. 11 at 3.)

On January 2, 2014, Brown filed the instant Petition for habeas relief under 28 U.S.C. § 2241. First, Brown claims that he was erroneously sentenced as a career offender because, in light of subsequent case law, his underlying felony convictions for delivery of cocaine and trafficking in cocaine are not "serious drug offenses" under the ACCA. Second, Brown asserts that his Fifth, Sixth, Eighth, and Fourteenth Amendment rights were violated because (1) he was statutorily ineligible for a sentence enhancement under the ACCA; (2) the sentencing court violated the separation of powers doctrine; (3) the ACCA's sentence enhancement constitutes cruel and unusual punishment; (4) the plea agreement was unconscionable; and (5) his counsel was ineffective for failing to object to the plea agreement and sentence enhancement.

**DISCUSSION**

**A.     Whether Brown Can Proceed Pursuant to Section 2241**

A federal prisoner has two options when pursuing postconviction relief.  First, the prisoner may challenge the validity of his conviction or sentence under 28 U.S.C. § 2255.  Darby v. Hawk-Sawyer, 405 F.3d 942, 944 (11th Cir. 2005).  Second, the prisoner may challenge the execution of a sentence under 28 U.S.C. § 2241.  Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008).  Typically, the exclusive remedy for a collateral attack on the validity of a federal conviction or sentence is a § 2255 motion, and a federal prisoner cannot evade § 2255's procedural restrictions by raising that claim in a § 2241 petition.  Id. at 1351.  Here, Brown is challenging the validity of his sentence by claiming that the district court improperly enhanced his sentence under the ACCA.  His Petition, as a result, is barred by the exclusive remedy rule because it was improperly submitted under § 2241 rather than § 2255.

When a federal prisoner has filed and been denied a previous § 2255 motion, a subsequent § 2255 petition "shall not be entertained" unless he obtains permission from the Court of Appeals for a successive filing or satisfies the savings clause of § 2255.  28 U.S.C. § 2255(e); Gilbert v. United States, 640 F.3d 1293, 1305-06 (11th Cir. 2011) (en banc). Because Petitioner's previous § 2255 motion was denied, he may not file another § 2255 motion without first receiving permission from the appropriate United States Court of Appeals, which he has not done.  28 U.S.C. § 2255(h); see also Darby, 405 F.3d at 945 (When a prisoner has previously filed a § 2255 motion to vacate, he must apply for and receive permission . . . before filing a successive § 2255 motion.").

Notwithstanding the bar on second or successive § 2255 motions, § 2255's savings clause permits a court to entertain a § 2241 habeas petition challenging the legality of a prisoner's detention when the prisoner's "remedy by § 2255 motion is inadequate or ineffective to test the legality of his detention." Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1334 (11th Cir. 2013) (quoting 28 U.S.C. § 2255(e)). And to show inadequacy or ineffectiveness, the prisoner's claim must meet two necessary, though not definitively sufficient, conditions: (1) "the claim must be based upon a retroactively applicable Supreme Court decision"; and (2) "the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion." Id. at 1343. If the prisoner does not satisfy § 2255's savings clause, the Court lacks jurisdiction to decide his § 2241 petition. Bryant v. Warden, FCC Coleman – Medium, 738 F.3d 1253, 1262-63 (11th Cir. 2013).

Brown has failed to establish that his claims are based on a retroactively applicable Supreme Court decision. On July 23, 2015, Brown filed with the court a "Notice of Supervening Change in Governing Authority," officially asking the court to take notice of the recent Supreme Court decision in Johnson v. United States, 135 S. Ct. 2551 (2015). In Johnson, the Supreme Court held that imposing an increased sentence under the residual clause of the ACCA, which defines "violent felony," beyond the enumerated offenses, as a crime which "otherwise involves conduct that presents a serious potential risk of physical injury to another," violates the Constitution's guarantee of due process. 135 S. Ct. at 2557, 2563. The Supreme Court recently held that Johnson

4

announced a substantive rule that has retroactive effect in cases on collateral review. <u>Welch v. United States</u>, 136 S. Ct. 1257, 1265 (2016). The Supreme Court's holding in <u>Welch</u>, however, has no bearing on Brown's sentence enhancement under the ACCA. The holding in <u>Johnson</u> concerns sentence enhancements for prior violent felony convictions under the ACCA. Brown received a sentence enhancement under the ACCA due to his three prior convictions for serious drug offenses, not because of violent felonies. <u>Johnson</u> is therefore inapplicable here.

Because Brown has failed to establish that his claims are based on a retroactively applicable decision of the Supreme Court, this Court has no jurisdiction over Brown's Petition, and it must be dismissed.

**B. Constitutionality of Sentence**

Even if Brown's petition were properly filed, however, it fails on the merits. As noted above, Brown claims that his Fifth, Sixth, Eighth, and Fourteenth Amendment Rights were violated because he was ineligible for a sentence enhancement under the ACCA; the sentencing court violated the separation of powers doctrine; the enhanced sentence rendered his detention illegal and a violation of his Eighth Amendment rights; his plea agreement was unconscionable; and his counsel was ineffective for failing to object to the plea agreement and sentence enhancement.

**1. Brown's Classification As A Career Offender**

Brown asserts that he was improperly classified a career offender because his prior offenses do not qualify as "serious drug offenses" for purposes of the ACCA. He also

argues that he does not have the required number of prior offenses because three of his prior convictions for delivery of cocaine were consolidated for sentencing.

Brown claims that his prior convictions did not constitute "serious drug offenses" because the weights of the drugs involved in those prior convictions were not sufficient to qualify as serious drug offenses under the ACCA. Brown erroneously relies on United States v. Sanchez, 586 F.3d 918 (11th Cir. 2009). In Sanchez, the court held that underlying convictions for a sentence enhancement pursuant to 18 U.S.C. § 3559(c) require proof of the amount of drugs involved, because the phrase "serious drug offense" is defined, at 18 U.S.C. § 3559(c)(2)(H), by cross-referencing various portions of the federal Controlled Substances Act which define offenses based in part on the amount of drugs involved. Sanchez, 586 F.3d at 929-30. Here, however, the statute under which Brown's sentence was enhanced, the ACCA, 18 U.S.C. § 924(e), defines the phrase "serious drug offense" as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). No threshold amount is required.

Brown's prior convictions—four convictions for delivery of cocaine and one conviction for trafficking in cocaine—are "serious drug offenses" under the ACCA. The Florida statute under which Brown's prior offenses arose provides that "a person may not sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance." Fla. Stat. § 893.13(1)(a). A violation of § 893.13(1)(a) involving cocaine is a second-degree felony, punishable by up to 15 years of imprisonment.

Fla. Stat. § 893.13(1)(a)(1) (cross-referencing Fla. Stat. §§ 775.082(3)(d), 893.03(2)(a)(4)). Therefore, Brown's prior drug offenses are "serious drug offenses" as defined by the ACCA.

Brown also claims that three of his prior offenses were consolidated for sentencing on the same day and are therefore considered one offense. The language of § 924(e)(1) requires only that the prior felonies or offenses be "committed on occasions different from one another," not that the convictions be obtained on separate occasions. 18 U.S.C. § 924(e)(1); United States v. Jackson, 57 F.3d 1012, 1018 (11th Cir. 1995). In calculating a criminal history score, prior sentences imposed for related convictions should be counted as one sentence. United States v. Hunter, 323 F.3d 1314, 1322 (11th Cir. 2003). Prior sentences, however, are not considered related if they were for offenses that were separated by an intervening arrest. Id. It does not matter that the legal consequences of a defendant's separate criminal acts were imposed on the same day. Jackson, 57 F.3d at 1018. Nor does it matter that the legal consequences were sentences served concurrently instead of consecutively. Id. Here, Brown's prior convictions were separate, distinct convictions for the purposes of the sentence enhancement because they were committed on separate occasions and involved intervening arrests. (Docket No. 11 at 7.)

Brown's claim that he is "actually innocent" of being a career offender so as to make his sentence a violation of due process is without merit. See Bryant, 738 F.3d at 1285 ("[O]ne cannot be actually innocent of a sentencing enhancement."). Actual innocence applies to a person who is factually innocent of the charge for which he was

7

incarcerated. See Schulp v. Delo, 513 U.S. 298, 321 (1995). Brown does not claim to be innocent of the charge to which he pled guilty. "Actual innocence" does not apply to a sentencing enhancement like the career offender designation. See Gilbert, 640 F.3d at 1322 ("A defendant who is convicted and then has . . . any other guidelines enhancement . . . applied in the calculation of his sentence has not been convicted of being guilty of the enhancement."). Put in its best light, Brown's argument assumes that he was convicted of the nonexistent offense of being a career offender with insufficient qualifying offenses. But he was not.

The predicate offenses for which Brown was sentenced as an armed career criminal under the ACCA—four convictions of delivery of cocaine and one conviction for trafficking in cocaine—are qualifying serious drug offenses under § 924(e), and therefore Brown was properly classified as an armed career criminal and the ACCA enhancement was properly imposed.

**2. Separation of Powers**

Brown's sentence did not violate the separation of powers doctrine. In United States v. Paige, the Eleventh Circuit rejected a claim that a mandatory minimum sentence violates the separation of powers doctrine. 604 F.3d 1268, 1274 (11th Cir. 2010) (per curiam). "It is for Congress to say what shall be a crime and how that crime shall be punished." Id. Therefore, Paige forecloses Brown's argument that the ACCA's mandatory minimum penalties violate the separation of powers doctrine.

### 3. Eighth Amendment

Nor did Brown's sentence violate the Eighth Amendment. The Eighth Amendment, which forbids cruel and unusual punishments, contains a narrow proportionality principle that applies to noncapital sentences. United States v. Brant, 62 F.3d 367, 368 (11th Cir. 1995). A reviewing court must make a threshold determination that the sentence imposed is grossly disproportionate to the offense committed and, if it is grossly disproportionate, the court must then consider the sentences imposed on others convicted in the same jurisdiction and the sentences imposed for commission of the same crime in other jurisdictions. Id. at 368.

The Eleventh Circuit has repeatedly held that sentences under the ACCA are not grossly disproportionate to the offense for which the sentence was imposed—being a felon in possession of a firearm. See United States v. Reynolds, 215 F.3d 1210, 1214 (11th Cir. 2000). Recidivism, as addressed in § 924(e), is a legitimate basis for increased punishment, given that § 924(e) applies when a defendant has been convicted of three or more serious drug offenses. United States v. Lyons, 403 F.3d 1248, 1256 (11th Cir. 2005).

In Reynolds, the defendant pled guilty to violating 18 U.S.C. §§ 922(g)(1) and 924(e), and was sentenced under the ACCA to 180 months' imprisonment. 215 F.3d at 1212-13. The Eleventh Circuit held that the 15-year sentence was not grossly disproportionate to the § 922(g) offense, and that the ACCA did not impose cruel and unusual punishment. Id. at 1214. Similarly, in Lyons, the Eleventh Circuit held that a

235-month sentence for an armed career criminal convicted for being a felon in possession of ammunition was not cruel and unusual punishment. 403 F.3d at 1257.

Here, Brown cannot show that his sentence is disproportionate. See Reynolds, 215 F. 3d at 1214 (rejecting argument that application of ACCA constituted cruel and unusual punishment where defendant's predicate offenses included three prior serious drug convictions, and two violent felonies). Brown was sentenced under the armed career criminal provisions of § 924(e), and the mandatory sentence of 180 months imposed on him was not grossly disproportionate to his offense of possession of a firearm by a person with three or more prior felony convictions.

### 4. Plea Agreement

Brown claims that his constitutional rights were violated because his plea agreement was unconscionable and he did not comprehend the nature and effect of his plea as it related to his punishment as an armed career criminal. Specifically, Brown claims that he did not possess the "legal capacity" to enter into the plea agreement, and that he did not possess the "mental ability, education or comprehension necessary to understand the nature and effect of his stipulations to be punished as an Armed Career Offender." (Docket No. 1 at 12.)

The test for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970). A plea does not qualify as intelligent unless a criminal defendant first receives "real notice of the true nature of the charge against him." Smith v. Grady, 312 U.S. 329, 334 (1976).

10

A "plea of guilty entered by one fully aware of the direct consequences" of the plea is voluntary in a constitutional sense "unless induced by threats. . . [or] misrepresentation." Brady v. United States, 397 U.S. 742, 755 (1970). In Brady, although the defendant did not correctly assess every relevant factor when entering the guilty plea, the Court held that the defendant's plea was intelligent because he was advised by competent counsel, was in control of his mental faculties, and was made aware of the nature of the charge against him. Brady, 397 U.S. at 756-57.

Brown seems to assert that the plea agreement was unconscionable because the prosecution misrepresented that it had the statutory authority to sentence him as an armed career criminal.  As discussed above, however, Brown's prior offenses were sufficient to qualify him for a sentence enhancement under the ACCA.  Therefore, the prosecution had the authority to apply this sentence enhancement.  Brown has failed to show that the plea agreement was unconscionable.

Brown further asserts that he did not possess the mental capacity or education necessary to comprehend the terms of the plea agreement.  A defendant who pleads guilty on the advice of counsel may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases. Hill v. Lockhart, 474 U.S. 52, 56-57 (1985).

This assertion fails because, as Respondent asserts and Brown does not dispute, Brown was aware of his right to proceed to trial, (Docket 11 at 9), and, as discussed below, he has not shown that the advice he received from counsel was not within the

11

range of competence demanded of attorneys in criminal cases. Brown has therefore failed to show that the plea agreement was unconscionable.

### 5. Ineffective Assistance of Counsel

Brown bears the burden to prove that his counsel's performance was objectively unreasonable by professional standards and that he was prejudiced as a result of this inadequacy. Strickland v. Washington, 466 U.S. 668, 691-92 (1984). Strickland's two-part test also applies to guilty pleas. Lafler v. Cooper, 132 S. Ct. 1376, 1384 (2012). To show prejudice, a defendant will be required to show that but for counsel's errors, he would not have pleaded guilty and would have instead insisted on proceeding to trial. Hill, 474 U.S. at 59. In the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. Glover v. United States, 531 U.S. 198, 203-04 (2001). There is a strong presumption that an attorney's conduct fell within the "wide range of professional norms." Strickland, 466 U.S. at 689. The failure to raise a nonmeritorious issue does not constitute ineffective assistance of counsel. Brownlee v. Haley, 306 F.3d 1043, 1066 (11th Cir. 2002). Therefore, Brown's claim can succeed only if he establishes both that his counsel's performance was unreasonable and that he was prejudiced by this performance.

Brown claims that his counsel was ineffective for failing to object to the plea agreement as unconscionable and failing to challenge Brown's classification as a career offender. At the time of Brown's sentencing and today, second degree felonies under

Florida law for trafficking in cocaine and delivery of cocaine are "serious drug offenses" for the purposes of the ACCA sentence enhancement. Even if counsel had argued that Brown's prior convictions were not sufficient to qualify him for a sentence enhancement, such a challenge would have failed because his prior felony convictions meet the ACCA's definition of "serious drug offenses."

Similarly, counsel was not ineffective for failing to object or argue that imposition of the sentence enhancement violated the Eighth Amendment's prohibition on cruel and unusual punishment. Such an objection would have been futile, as discussed above.

**CONCLUSION**

For the foregoing reasons, the Petition for a Writ of Habeas Corpus must be denied. Accordingly, **IT IS HEREBY ORDERED** that:

1. Brown's Petition for a Writ of Habeas Corpus (Docket No. 1) is **DENIED**; and

2. The Clerk shall enter judgment accordingly, terminate all remaining deadlines as moot, and close the file.

Dated: May 6, 2016

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge
